Submitted on record and brief March 26, accused suspended from the practice of law for 63 days April 21, 1987

In re Complaint as to the Conduct of

**ROBERT T. CHANDLER,**
*Accused.*

(OSB 85-126; SC S33362)

735 P2d 1220

Susan D. Isaacs, Assistant General Counsel, filed the brief for the Oregon State Bar.

No appearance contra.

PER CURIAM

## PER CURIAM

The Oregon State Bar filed a formal complaint against the accused on April 22, 1986. On August 28, 1986, the Bar and the accused agreed to the facts embodied in the Bar's complaint as a stipulated set of facts. On September 30, 1986, the trial panel found the accused guilty of violating DR 1-103(C) (Disclosure of Information to Authorities); DR 6-101(A)(3) (Failing to Act Competently); and DR 9-102(B)(4) (Preserving Identity of Funds and Property of a Client)[1] and imposed a two-year period of probation, to run

---

[1] The relevant Disciplinary Rules are as follows, including the current versions amended as of June 1, 1986:

Former DR 1-103(C) (Disclosure of Information to Authorities):

"(C) A lawyer who is the subject of a disciplinary investigation shall respond fully and truthfully to inquiries from and comply with reasonable requests of the general counsel, the local professional responsibility committees, the state professional responsibility board, and the board of governors as requested, subject only to the exercise of any applicable right or privilege."

Current DR 1-103(C) (Disclosure of Information to Authorities; Duty to Cooperate):

(C) A lawyer who is the subject of a disciplinary investigation shall respond fully and truthfully to inquiries from and comply with reasonable requests of a tribunal or other authority empowered to investigate or act upon the conduct of lawyers, subject only to the exercise of any applicable right or privilege."

Former DR 6-101(A)(3) (Failing to Act Competently):

"(A) A lawyer shall not:

"* * * * *

"(3) Neglect a legal matter entrusted to him."

Current DR 6-101(B) (Competence and Diligence):

"(B) A lawyer shall not neglect a legal matter entrusted to the lawyer."

Former DR 9-102(B)(4) (Preserving Identity of Funds and Property of a Client):

"(B) A lawyer shall:

"* * * * *

"(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

Current DR 9-101(B)(4) (Preserving Identity of Funds and Property of a Client):

"(B) A lawyer shall:

"* * * * *

"(4) Promptly pay or deliver to a client as requested by the client the funds, securities or other properties in the possession of the lawyer which the client is entitled to receive. Under circumstances covered by DR 9-101(A)(2), the undisputed portion of the funds held by the lawyer shall be disbursed to the client."

concurrently with the accused's previously imposed probation. The Bar urges this court to impose a more serious sanction upon the accused of at least a 63-day period of suspension followed by two years of probation, based on the facts and circumstances of the instant case.

The Bar and the accused stipulated to the following facts: The Albuquerque, New Mexico, law firm of Robert N. Singer, P.A. ("Singer firm") obtained a judgment on behalf of its client, the Hertz Corporation, against Oregon resident Richard Yost for $6,916.29. By letter dated May 8, 1984, the Singer firm inquired of the accused whether he would be interested in accepting the account for collection. In reply, the accused requested an advance deposit of $100 in his letter dated May 23, 1984, to the Singer firm and further requested a certified true copy of the judgment entitled "Hertz Corporation v. Richard Yost" in his letter of May 30, 1984, to the Singer firm.

After advising the accused by letter dated June 5, 1984, of the necessity of obtaining the approval of the Hertz Corporation to the accused's terms and conditions of employment, the accused was advised by letter dated June 25, 1984, that he had been formally retained to represent the Hertz Corporation to collect the account. The Singer firm also forwarded as requested a certified, exemplified copy of the judgment and an advance deposit check in the amount of $105 to the accused with its letter of June 25, 1984.

In the meantime, the accused had already informed the Singer firm by letter dated June 11, 1984, that he had written to the debtor to request that the debtor propose a payment plan.

Thereafter, when the Singer firm requested a progress report from the accused in its letters to him of November 15, 1984, and April 8, 1985, the accused failed to reply. Because of the accused's continuing failure to communicate, the Singer firm requested return of the $105 advance deposit by its letter dated May 29, 1985, to the accused, but the accused still failed to reply. By letter dated August 28, 1985, the Singer firm reiterated the accused's discharge, again demanded immediate return of the $105 advance deposit, and expressed its intention to take appropriate action against the accused, including complaining to the Bar, should the accused

fail to refund the $105 advance deposit by September 11, 1985. When the accused continued to fail to refund the money or respond to its inquiries, the Singer firm complained to the Bar about the accused by letter on September 16, 1985.

The accused finally returned the $105 advance deposit to the Singer firm and advised them that he had closed his file by letter dated May 16, 1986, which was admitted into evidence as part of the stipulation between the accused and the Bar. The accused acknowledged that the $105 advance deposit remained in his trust account from its receipt on or about June 25, 1984, until its return on or about May 16, 1986, and that he had not incurred any costs. He acknowledged further that he never registered the Hertz Corporation's judgment against Mr. Yost in Oregon.

After receiving the Singer firm's letter of complaint about the accused on September 18, 1985, the Bar's General Counsel's Office forwarded a copy of it to the accused by letter dated September 25, 1985, and requested a response by the accused to the allegations therein by October 16, 1985. Because of the accused's lack of response, the General Counsel's Office referred the matter to the Benton/Lincoln/Polk County Local Professional Responsibility Committee (LPRC) for investigation on October 30, 1985.

The accused explained during a telephone conversation with the LPRC's investigator on November 20, 1985, that he was unable to perform the services for which he had been hired by the Singer firm because of the pendency in his office of 121 cases. LPRC investigator Daniel L. Harris requested a supplemental written explanation from the accused by November 26, 1985. When no written explanation was forthcoming, Mr. Harris again requested a response by December 6, 1985, in his letter to the accused dated December 2, 1985. A similar request for a written response from the accused by December 26, 1985, was made by LPRC Chairperson Richard D. Beeson in his letter dated December 16, 1985, with the same lack of response from the accused.

This evidence clearly establishes that the accused violated former and current DR 1-103(C); former DR 6-101(A)(3) (current DR 6-101(B)); and former DR 9-102(B)(4) (current DR 9-101(B)(4)).

The accused violated former and current DR 1-103(C) by his failure to respond at all to the inquiries of the General Counsel's Office and by his failure to respond fully to the inquiries of the LPRC members during the Bar's investigation of the accused's conduct. The accused violated former DR 6-101(A)(3) (current DR 6-101(B)) by his failure to take any steps to collect the judgment of the Hertz Corporation from the date of his formal employment on June 25, 1984, through his discharge from that employment on May 29, 1985. The accused violated former DR 9-102(B)(4) (current DR 9-101(B)(4)) by his failure, despite repeated requests, to return the client's funds to which the client was entitled from May 29, 1985, until May 16, 1986.

The accused was disciplined previously in *In re Chandler,* Disciplinary Board Opinion, Nos. 84-126, 84-127 (7/31/86), for violating the same disciplinary rules as those found to be violated in these proceedings. In the previous case, the accused was found guilty of three separate violations of former DR 6-101(A)(3) (current DR 6-101(B)) for his neglect of legal matters entrusted to him; guilty of a violation of former DR 9-102(B)(4) (current DR 9-101(B)(4)) for his failure promptly to deliver his client's file to her new counsel; and guilty of a violation of former and current DR 1-103(C) for his failure to respond to Bar inquiries with respect to the complaints registered by his clients. The accused was suspended for 30 days to be followed by a two-year probationary period in that case.

The previous case involved the accused's handling of three client matters, the first of which involved the accused's employment in March 1982 in a collection case. The trial panel related that the accused was tardy in preparing papers and responding to the client in that collection case, but based its finding that the accused had neglected the matter in violation of former DR 6-101(A)(3) (current DR 6-101(B)) upon his failure to prepare settlement papers from April 1984 until the case was dismissed for lack of prosecution in January 1985. The accused was retained in a second collection case in April 1983 for which he filed an action six months later. However, from April 1984 until March 1985, the accused did nothing, which lack of action constituted the second finding of neglect in violation of former DR 6-101(A)(3) (current DR 6-101(B)). The third finding of neglect in violation of former

DR 6-101(A)(3) (current DR 6-101(B)) was based on the accused's failure to take any action on behalf of a divorce client from July 1984 through October 1984 when the client retained new counsel. The accused then delayed in furnishing the client's new counsel with the client's file as requested, which constituted a violation of former DR 9-102(B)(4) (current DR 9-101(B)(4)). Finally, the basis for the finding that the accused violated former and current DR 1-103(C) was his failure to respond to the inquiries of the General Counsel's Office in or about November 1984 regarding the complaints made on these client matters.

The accused's neglect of the legal matters here extended over the same period of time, from 1984 through 1985, as the accused's previous ethical transgressions and his conduct herein predates his previous disciplinary sanction. However, it was not until after the trial panel hearing of April 11, 1986, in the previous disciplinary action against the accused and after the Bar filed its formal complaint against the accused in the instant case on April 22, 1986, that he returned the advance deposit funds to the Singer firm as requested by the firm a year earlier. Thus, the accused's ethical misconduct continued beyond the time period involved in his previous disciplinary case.

We see no point in placing the accused on concurrent probation. His dilatory actions in this case warrant a suspension of 63 days from the practice of law. Costs to the Oregon State Bar.